UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANDREA MCCORMICK,

    Plaintiff,

v.                                                       Case No: 5:24-cv-266-PRL

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

Plaintiff Andrea McCormick appeals the administrative decision denying her application for Disability Insurance Benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, the Commissioner's decision is **reversed** and **remanded**.

### I. BACKGROUND

On February 22, 2021, Plaintiff filed a Title II application for DIB, alleging disability beginning April 1, 2020. The claim for DIB was denied initially on September 10, 2021, and upon reconsideration on June 2, 2022. On July 6, 2022, Plaintiff filed a written request for a hearing before an Administrative Law Judge ("ALJ"). A hearing was held before an ALJ on December 7, 2022 via telephone due to the COVID-19 pandemic, where the Plaintiff appeared and testified. On May 16, 2023, the ALJ issued a notice of unfavorable decision, finding the Plaintiff was not disabled. (Tr. 15-36). Plaintiff's request for review was denied by the Appeals Council on April 12, 2024, and subsequently, she initiated this action on May 23, 2024 (Doc. 1). Plaintiff has exhausted her administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: parasitic infection; diarrhea; celiac disease; skin rash; irritable bowel syndrome ("IBS"); arthritis; depression; anxiety; and attention deficit/hyperactivity disorder (ADHD). (Tr. 20). The ALJ found that, despite her impairments, Plaintiff had the residual functional capacity ("RFC") to:

> [P]erform medium work as defined in 20 C.F.R. [§] 404.1567(c) except never climb ladders, ropes, or scaffolds but can occasionally climb ramps or stairs. The claimant should avoid exposure to hazards, such as heights or machinery with moving parts. She can frequently handle and finger with the upper extremities. She can perform no production rate pace work. The claimant can have occasional changes in routine workplace setting. Work performed must be learned in 30 days with a General Education Development Scale Reasoning level of 1, 2, or 3 in the Dictionary of Occupational Titles (DOT).

(Tr. 22). Based on this RFC and testimony from a vocational expert ("VE"), the ALJ determined Plaintiff could perform her past relevant work as a cashier. (Tr. 27-28). Considering Plaintiff's age, education, work experience, RFC, and testimony from the VE, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform, such as a tumbler operator, laundry checker, and sweeper cleaner. (Tr. 28-29). Accordingly, the ALJ concluded that Plaintiff is not disabled, determining that Plaintiff has not been under a disability from April 1, 2020—the alleged onset date—through the date of the decision. (Tr. 29).

## II.   STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (explaining the five-step process to determine whether a claimant has met the burden of proving his or her disability). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013) (citation omitted).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *See McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971) and *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence "must do more than [merely] create a suspicion of the existence of the fact to be established" and must include "such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *See Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as a finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *See*

*Edwards*, 937 F.2d at 584 n.3 (citation omitted); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (citing *Bloodsworth*, 703 F.2d at 1239). This is a deferential standard.

Nevertheless, "[t]he Secretary's failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *See Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

## III. DISCUSSION

Plaintiff raises three issues on appeal: (1) whether the ALJ erred by failing to adequately account for Plaintiff's severe impairments of parasitic infection, diarrhea, celiac disease, skin rash, and IBS in formulating the RFC assessment; (2) whether substantial evidence supports the ALJ's finding that Plaintiff has the RFC to perform medium work; and (3) whether the ALJ properly evaluated Plaintiff's subjective complaints and third-party evidence. (Doc. 19). The Court finds that substantial evidence does not support the ALJ's finding that Plaintiff has the RFC to perform medium work. Based on this conclusion, the Court need not consider the other issues raised by Plaintiff on appeal. *See Demenech v. Sec'y of the Dep't of Health & Hum. Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (declining to address plaintiff's remaining arguments due to conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (stating that it is unnecessary to review other issues raised on appeal where remand is required and such issues will likely be reconsidered in the subsequent proceedings) (citations omitted).

At step four of the sequential evaluation process, the ALJ formulates a claimant's RFC by assessing her "ability to meet the physical, mental, sensory, and other requirements of work." *See* 20 C.F.R. §§ 404.1545(a)(4), 416.945(a)(4). The RFC is "an assessment, based

upon all of the relevant evidence, of a claimant's remaining ability to do work despite [her] impairments." *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a)); 20 C.F.R. § 404.1545(a)(1), 416.945(a)(1). An ALJ makes an RFC determination by considering the claimant's physical ability to lift, carry, sit, stand, push, pull, walk, etc., as well as the claimant's mental abilities and other abilities affected by impairments. *See* 20 C.F.R. §§ 404.1545(b)-(d), 416.945(b)-(d). Under Social Security Ruling ("SSR") 96-8p, the RFC assessment must first identify the claimant's functional limitations[1] or restrictions and then address the claimant's ability to work on a function-by-function basis. *See* SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the ALJ has conducted that determination, the ALJ may then express the RFC in terms of exertional levels of work, such as sedentary, light, medium, heavy, and very heavy. *See id*. To this end, "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *See id*. at *7; see also See Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1064-66 (11th Cir. 2021). "A function-by-function analysis is necessary." *Larue v. Kijakazi*, No. 22-cv-61236, 2023 WL 2562649, at *6 (S.D. Fla. Feb. 28, 2023), *report and recommendation adopted*, 2023 WL 2560903 (S.D. Fla. Mar. 17, 2023) (citing SSR 96-8p and *Pupo*, 17 F.4th at 1065).

---

[1] Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing, and pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers, and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. *See Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 894 (11th Cir. 2010) (per curiam) (citing 20 C.F.R. § 404.1569a(b)-(d)).

Indeed, the "ALJ must state the grounds for his decision with clarity to enable [courts] to conduct meaningful review." *See Morrison v. Comm'r of Soc. Sec.*, 660 F. App'x 829, 834 (11th Cir. 2016) (citing *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). While the ALJ need not consider every piece of evidence in his decision, the ALJ must consider all relevant medical and other evidence in the record[2] when assessing and making a finding in the claimant's RFC. *See Philips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520(e)); *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam). In particular, "the ALJ is required to provide a sufficient rationale linking the record evidence to the RFC determination." *See Weber v. O'Malley*, No. 8:23-cv-2723-AAS, 2024 WL 4589790, at *4 (M.D. Fla. Oct. 28, 2024) (citing *Dyer*, 395 F.3d at 1211 and *Russ v. Barnhart*, 363 F. Supp. 2d 1345, 1347 (M.D. Fla. 2005)); *Salter v. Astrue*, No. CA 11-00681-C, 2012 WL 3817791, at *3 (S.D. Ala. Sept. 4, 2012) ("[T]he ALJ must *link* the RFC assessment to specific evidence in the record bearing upon the claimant's ability to perform the physical, mental, sensory, and other requirements of work.") (emphasis in original). In other words, to find that an ALJ's RFC determination is supported by substantial evidence, it must be shown that the ALJ has "provide[d] a sufficient rationale to link" substantial evidence in the record "to the legal conclusions reached." *See Ricks v. Astrue*, No. 3:10-cv-975-TEM, 2012 WL 1020428, at *9 (M.D. Fla. Mar. 27, 2012) (quoting *Russ*, 363 F. Supp. 2d at 1347); *see also Grayer v. Colvin*, No. CA 13-0292-C, 2014 WL 852451, at *13 (S.D. Ala. Mar. 5, 2014) ("The linkage

---

[2] In rendering an RFC assessment, the ALJ considers evidence such as the claimant's medical history; medical signs and laboratory findings; the effects of treatment, such as the frequency of treatment, duration, and disruption to routine; reports of daily activities; recorded observations; medical source statements; the effects of symptoms, including pain; evidence from attempts to work; any measures the claimant uses or has used to relieve pain or symptoms; and any other factors concerning the claimant's functional limitations and restrictions. *See* SSR 96-8p, 1996 WL 374184, at *5.

requirement is simply another way to say that, in order for this Court to find that an RFC determination is supported by substantial evidence, ALJs must 'show their work' or, said somewhat differently, show *how* they applied and analyzed the evidence to determine a plaintiff's RFC.") (emphasis in original). Accordingly, the ALJ has a duty to "make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." *See* SSR 96-8p, 1996 WL 374184, at *5.

In this case, the ALJ found that Plaintiff has the RFC to perform medium work (Tr. 22), meaning that she could, among other things, lift up to 50 pounds at a time and could frequently lift and carry up to 25 pounds. *See* 20 C.F.R. §§ 404.1567(c), 416.967(c) (defining "medium work" as work that "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work"). SSR 83-10 further elaborates on medium work, providing that:

> The considerable lifting required for the full range of medium work usually requires frequent bending-stooping[.] (Stooping is a type of bending in which a person bends his or her body downward and forward by bending the spine at the waist.) Flexibility of the knees as well as the torso is important for this activity. (Crouching is bending both the legs and spine in order to bend the body downward and forward.) . . . In most medium jobs, being on one's feet for most of the workday is critical. Being able to do frequent lifting or carrying of objects weighing up to 25 pounds is often more critical than being able to lift up to 50 pounds at a time.

SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983).

In reaching his determination in the RFC assessment, the ALJ did not provide sufficient rationale linking the record evidence to the RFC determination that Plaintiff can perform medium work. Notably, the ALJ failed to conduct a function-by-function assessment of Plaintiff's physical abilities and explain how the non-opinion evidence in the record

supported his finding that Plaintiff could perform all the physical requirements for medium work, including lifting as much as fifty pounds at a time and frequently lifting up to 25 pounds. *See Pupo*, 17 F.4th at 1064-66 (remanding because, *inter alia*, the ALJ "failed to conduct a function-by-function assessment of [claimant's] physical abilities" and "explain how the non-opinion evidence in the record—both medical and nonmedical—supported his finding that [the claimant] could perform all the physical requirements for medium work"). Instead, the ALJ simply summarized the Plaintiff's subjective testimony and non-opinion record evidence in the RFC assessment, then generally concluded that "[t]he RFC is strongly supported by the evidence cited above and addresses [Plaintiff's] severe impairments." (Tr. 26). While the ALJ pointed to evidence relating to Plaintiff's impairments bearing on her ability to perform, the ALJ did not explain *how* he concluded, based on that evidence, that Plaintiff could perform the tasks required by medium work, specifically regarding her ability to lift and carry weight. Consequently, the ALJ fails to provide a clear explanation of how the Plaintiff could perform medium work.

Relatedly, and further complicating matters, the ALJ's own decision appears to be internally inconsistent. Indeed, in the RFC assessment, the ALJ found that "[t]he opinions of the State agency psychological consultants[, Dr. Loc Kim Le and Dr. Prianka Gerrish,] (Ex. B4A; B6A) were found to be unpersuasive." (Tr. 26). But then later in his RFC assessment, the ALJ explained that he found the opinion evidence of Dr. Gerrish, who evaluated Plaintiff's RFC at the reconsideration level and opined that Plaintiff was capable of performing medium work, to be "persuasive." (Tr. 27). This inconsistency is problematic because it appears that Dr. Gerrish's opinion evidence was central to the ALJ's RFC finding that Plaintiff retains the ability to perform the physical requirements of medium work. (*See*

Tr. 26-27). In fact, no other physician opined that Plaintiff could perform medium work.[3] And "[t]he remaining record evidence does not provide substantial evidence for the finding that [Plaintiff] was capable of performing medium work." *See Siverio v. Comm'r of Soc. Sec.*, 461 F. App'x 869, 872 (11th Cir. 2012). Simply stated, other than Dr. Gerrish's opinion evidence, which the ALJ contradictorily found to be both persuasive and unpersuasive (*see* Tr. 26-27), "there is nothing in the record that could have reasonably led the ALJ to conclude that [Plaintiff] could occasionally lift fifty pounds and frequently lift twenty-five pounds, and thus perform medium work." *See Siverio*, 461 F. App'x at 872; *Saunders v. Astrue*, No. 1:11-cv-308-WC, 2012 WL 997222, at *5 (M.D. Ala. Mar. 23, 2012) ("It is unclear how the ALJ reached the conclusion that [p]laintiff can lift and carry up to fifty pounds occasionally and twenty-five pounds frequently and sit, stand and/or walk for six hours in an eight hour workday . . . when the record does not include an evaluation of [p]laintiff's ability to perform work activities such as sitting, standing, walking, lifting, bending, or carrying.") (internal quotation marks omitted).

Absent a clear explanation of the ALJ's reasoning linking the record evidence to the RFC determination, substantial evidence cannot support the ALJ's decision. *See Weidlich v. Comm'r of Soc. Sec.*, No. 22-13309, 2023 WL 8015753, at *2 (11th Cir. Nov. 20, 2023) (per curiam) ("Substantial evidence cannot support the ALJ's decision without a clear explanation.") (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)); *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1269 (11th Cir. 2019) ("[T]he ALJ's failure . . . to provide

---

[3] Notably, Dr. Le, the state agency medical consultant at the initial level, found that Plaintiff "could perform only light work activity"; however, the ALJ found Dr. Le's opinion to be "inconsistent with examinations that showed no deficits to motor, sensory, cranial nerves, or deep tendon reflexes with no decrease in range of motion for [Plaintiff's] back or extremities[.]" (Tr. 27; *see* Tr. 152-158).

the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal in its own rights.") (quoting *Keeton*, 21 F.3d at 1066) (internal quotation marks omitted); *Russ*, 363 F. Supp. 2d at 1347 ("The existence of substantial evidence in the record favorable to the Commissioner may not insulate the ALJ's determination from remand when he or she does not provide a sufficient rationale to link such evidence to the legal conclusions reached.") (citation omitted).

### IV.  CONCLUSION

Accordingly, it is **ORDERED** that:

(1) The Commissioner's decision is **REVERSED** pursuant to 42 U.S.C. § 405(g) and **REMANDED** for further proceedings consistent with this Order.

(2) The Clerk is directed to enter final judgment for the Plaintiff and close the file.

**DONE** and **ORDERED** in Ocala, Florida on September 19, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties